IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JAMES K. COOKE             :

      Plaintiff,              :

                              :

      v.                      :       C.A. No. S19C-02-003 RFS

                              :

LEONARD S. PRICE,          :

                              :

      Defendant.            :

## **ORDER**

Submitted: 4/20/2020
Decided: 5/28/2020

Stephen P. Norman, Esq., 30838 Vines Creek Road, Unit 3, Dagsboro, DE 19939, Attorney for Plaintiff.

Miranda D. Clifton, Esq., 300 South State Street, Dover, DE 19901, Attorney for Defendant.

Plaintiff James K. Cooke ("Plaintiff") brings the underlying action against Defendant Leonard S. Price ("Defendant") seeking damages resulting from an automobile collision. On February 5, 2017, Plaintiff was a passenger in his SUV driven by his son. Plaintiff was traveling towards the intersection of Thatcher Street and Pepper Road in Sussex County, Delaware. As Plaintiff's car was traveling southbound, Defendant turned his vehicle into the northbound lane, striking the left side of Plaintiff's vehicle. The collision caused damage to both vehicles and Plaintiff suffered bodily injuries.

When the Delaware State Police officer arrived, Defendant told the officer he lost control of his vehicle and struck the Plaintiff's vehicle. Defendant stated he went to make a turn and misjudged the turn, striking Plaintiff's vehicle. Defendant was cited for Failure to Remain within a single lane of travel. Defendant subsequently paid the ticket.

Plaintiff alleges one count of negligence, contending Defendant operated his vehicle in a negligent manner, causing Plaintiff to suffer injury. Plaintiff seeks compensatory damages, medical expenses, pain and suffering damages, lost wages and earning capacity, cost, expenses, and interest. Plaintiff has filed the present motion for partial summary judgment regarding liability. Defendant opposes summary judgment, contending the sudden medical emergency doctrine bars Plaintiff's claims.

Under Superior Court Civil Rule 56(c), a party is entitled to summary judgment if the moving party can show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.[1] The party moving for summary judgment bears the initial burden of showing no material issues of fact are present.[2] When a moving party meets her initial burden of showing that no material issues of fact exist, the burden shifts to the nonmoving party to show that such issues do exist.[3] The facts must be viewed in a light favorable to the non-moving party.[4]

Delaware drivers are required by statute to operate their vehicles with due care and at a controlled speed in order to avoid colliding with a person, vehicle, or conveyance on the highway.[5]

---

[1] Super. Ct. Civ. R. 56(c).
[2] *Moore v. Sizemore*, 405 A.2d 679, 681 (Del. 1979).
[3] Super. Ct. Civ. R. 56(c).
[4] *Guardian Const. Co. v. Tetra Tech Richardson, Inc.*, 583 A.2d 1378, 1381 (Del. Super. Ct. 1990).
[5] *Parham v. Todaro*, 2017 WL 1097150, at *2 (Del. Super. Ct. Mar. 23, 2017) (citing 21 *Del. C.* § 4168(a)).

Defendant admitted he became distracted and looked away, causing the collision with Plaintiff's vehicle.[6] Further, Defendant has not provided any evidence that Plaintiff's injuries alleged to have resulted from the collision were not caused by the Defendant.

Defendant contends the medical emergency doctrine bars Plaintiff's claim. In order to prevail on the medical emergency doctrine, Defendant must show by a preponderance of the evidence that (1) Defendant suddenly became physically or mentally incapacitated without warning; (2) this physical or mental incapacity caused him to be unable to control his motor vehicle; and (3) such incapacity was unanticipated and unforeseen.[7]

Defendant contends this doctrine applies because Defendant became unconscious prior to the accident. Defendant points to Plaintiff's testimony that he observed Defendant was unconscious just before the accident.[8] Defendant's deposition shows no loss of consciousness. Defendant admitted that he caused the collision and was distracted by a loud noise. Defendant stated he looked away from the road after hearing the noise.[9] Although Plaintiff testified he observed Defendant unconscious, this is irrelevant speculation, being a guess resulting from Defendant's movement and distraction upon hearing a noise. Moreover, Defendant paid the ticket for failing to maintain his vehicle in a single lane of travel. This is an act of admission.

Defendant admitted to failing to keep his vehicle in a single lane of travel because he was distracted by a loud noise. Defendant also admits to causing the collision with Plaintiff's vehicle. Upon viewing the evidence and drawing all reasonable inferences in a light most favorable to the

---

[6] Price Dep. 6:16-8:1.
[7] *Mumford v. Paris*, 2003 WL 231611, at *1 (Del. Super. Ct. Jan. 31, 2003).
[8] Def.'s Reply Ex. A.
[9] Price Dep. 8:15-18.

non-moving party, the Court finds Plaintiff is entitled to summary judgment as to liability.

Therefore, Plaintiff's motion for partial summary judgment is **GRANTED.**

**IT IS SO ORDERED.**

_____
Richard F. Stokes, Judge

FILED PROTHONOTARY
SUSSEX COUNTY
2020 MAY 28 A 11: 15